

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2006

# St. Croix v. Etenad

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4881

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"St. Croix v. Etenad" (2006). *2006 Decisions.* Paper 948.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/948

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4881
_____

HEARTMAN ST. CROIX,
Appellant

v.

MIKE ETENAD
_____

Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-00871)
District Judge:  Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
May 1, 2006

Before:  RENDELL, AMBRO and ROTH[1],  Circuit Judges.

(Filed:  June 6, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant, Heartman St. Croix, filed a complaint and an amendment to the

complaint in the United States District Court for the Eastern District of Pennsylvania

---

[1]Effective May 31, 2006, Judge Roth assumed senior status.

seeking damages against defendant, Mike Etenad, for the manner in which Etenad conducted certain personal financial transactions with appellant. The District Court concluded that St. Croix failed to identify a basis for its subject matter jurisdiction in either the complaint or the amendment. Likewise, although there was some suggestion in St. Croix's memorandum in response to the court's show cause order that appellant was seeking to advance claims under the Sherman Act, 15 U.S.C. §§ 1 et seq., and 42 U.S.C. § 1983, the District Court concluded that St. Croix failed to mention either of those claims in his complaint or amendment, nor did appellant allege the factual predicate of such claims in any of his filings. The District Court further determined that, even assuming arguendo that those claims had been raised, St. Croix failed to assert the factual allegations necessary to state a cause of action under either statute. Thus, the court dismissed the claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), declined to exercise supplemental jurisdiction over any state law claims that St. Croix was attempting to advance, and entered an order dismissing the action. This timely appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's order dismissing a complaint for lack of subject matter jurisdiction. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir.2005). After careful scrutiny of the record and appellant's informal brief, we agree that the District Court lacked subject jurisdiction over St. Croix's complaint, see 28 U.S.C. §§ 1331 and 1332(a), and that, in any event, appellant's purported claims – unsupported by the necessary factual allegations – fell woefully short of that necessary to state a claim under

2

either the Sherman Act or 42 U.S.C. § 1983, even with the most liberal construction. <u>See</u>, <u>e.g.</u>, <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999) (Plaintiff asserting §1983 action must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. The "under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."(internal quotation marks omitted)); <u>McLain v. Real Estate Bd. of New Orleans, Inc.</u>, 444 U.S. 232, 242 (1980) ("[J]urisdiction may not be invoked under [the Sherman Act] unless the relevant aspect of interstate commerce is identified; it is not sufficient merely to rely on identification of a relevant local activity and to presume an interrelationship with some unspecified aspect of interstate commerce. To establish jurisdiction a plaintiff must allege the critical relationship...."); <u>Lum v. Bank of America</u>, 361 F.3d 217, 220 (3d Cir. 2004) ("Although antitrust claims generally are not subject to the heightened pleading requirement of Rule 9(b), fraud must be pled with particularity....").

Accordingly, we will affirm the District Court's final order of dismissal.